# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LAWRENCE D. GALBEARTH,

    Plaintiff,

v.                                    Case No. 2:22-cv-00550

STATE OF WEST VIRGINIA,

    Defendant.

### PROPOSED FINDINGS AND RECOMMENDATION

    This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    PROCEDURAL HISTORY

    On December 1, 2022, Lawrence D. Galbearth (hereinafter "Plaintiff") filed a Motion to File Without Prepayment of Filing/Service Fees using a form from courts in the State of Colorado. (ECF No. 1). He did not file an accompanying complaint. Plaintiff's motion document indicated that, at that time, he was in the custody of the El Paso County Sheriff's Department in Colorado Springs, Colorado. (ECF No. 1 at 1).

    On December 5, 2022, the Clerk entered a Standing Order referring this matter to the undersigned and mailed the Standing Order, a letter, and various accompanying forms to the Plaintiff directing that he complete the same and return them for filing in order for this matter to proceed. (ECF Nos. 2 and 3). However, the mailings sent to

Plaintiff were returned as undeliverable with no forwarding address. (ECF Nos. 4 and 5). Plaintiff has not communicated with the court in any way since his initial filing and his current whereabouts are unknown.

On May 9, 2023, the undersigned entered an Order to Show Cause (ECF No. 6) directing Plaintiff to respond in writing by June 9, 2023 to advise the court of his intent to further pursue this matter and to show cause why this civil action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Order further notified Plaintiff that the failure to comply therewith would result in the recommended dismissal of this matter for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and the parallel Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia. (*Id*. at 2). Plaintiff did not comply with the court's order and has not communicated with the court in any way since this civil action was opened.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v.*

2

*Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Plaintiff has failed to comply with the court's Order to Show Cause or taken any other action in this matter since its filing and his current whereabouts are not known. Thus, he has failed to prosecute this action as required. Accordingly, the responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal, as expressly warned in the Court's prior Order, appears to be the only appropriate sanction.

### III.     FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last known address.

June 15, 2023

Dwane L. Tinsley
United States Magistrate Judge