IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAWRENCE D. GALBEARTH,

        Plaintiff,

v.                                   CIVIL ACTION NO.   2:22-cv-00550

STATE OF WEST VIRGINIA,

        Defendant.

**ORDER**

Plaintiff initiated this civil action on December 1, 2022, by filing a Motion to File Without Prepayment of Filing/Service Fees using a form from courts in the State of Colorado.  (ECF No. 1).  He did not file an accompanying complaint.  By standing order entered on January 4, 2016, and filed in this case on December 5, 2022, (ECF No. 2), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").

On May 9, 2023, Magistrate Judge Tinsley entered an order directing Plaintiff to advise the Court of his intent to further pursue this matter and to show cause why this civil action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF No. 6.)  Plaintiff never responded to the Court's order.  Magistrate Judge Tinsley then entered his PF&R on June 15, 2023, recommending this Court dismiss this civil action based on Plaintiff's failure to prosecute.  (ECF No. 8.)

This Court is not required to review, *de novo* or under any other standard, factual or legal conclusions contained within the PF&R to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on July 3, 2023. To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. The Court notes that Plaintiff has also seemingly failed to maintain his current address with the clerk as Magistrate Judge Tinsley's show cause order, (ECF No. 6) and PF&R, (ECF No. 8), which were both sent to Plaintiff at his address on record, were returned as undeliverable, (*see* ECF Nos. 7 and 9). Per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." The fact that the show cause order and PF&R mailed to Plaintiff were returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk does not impact the Court's review and analysis of the PF&R itself. Further, Plaintiff's failure to maintain his current address with the clerk does not provide Plaintiff with an avenue to object to the PF&R after the July 3, 2023 deadline.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 8), and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 18, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE

3